UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-23-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 23CR216 (KAD)(MEG) |
| v. | VIOLATIONS: |
| NADA RADOVAN TOMANIC | 18 U.S.C. § 1425(a)<br>(Procuring citizenship or<br>naturalization contrary to law) |
| | 18 U.S.C. § 1425(b)<br>(Procuring citizenship or<br>naturalization when not entitled) |

INDICTMENT

The Grand Jury charges:

BACKGROUND

At all times relevant to this Indictment:

1. NADA RADOVAN TOMANIC was born in 1972 in Novi Sad, Yugoslavia.

2. In March 1992, the Republic of Bosnia and Herzegovina ("Bosnia") declared independence from the Socialist Federal Republic of Yugoslavia. Bosnia was then and remains primarily composed of three religious and ethnic groups: Bosnian Serbs, who are primarily Orthodox Christian; Bosnian Muslims, also referred to as Bosniaks; and Bosnian Croats, who are primarily Roman Catholic.

3. In or about April 1992, an armed conflict broke out in Bosnia. This armed conflict is referred to as the Bosnian War. At times during the Bosnian War, several different armies or militaries engaged in hostilities, including the Army of Bosnia and Herzegovina, the Bosnian Serb Army, the Yugoslav National Army, and the Croatian Defense Council.

4.      The Zulfikar Special Unit was a military unit within the Army of Bosnia and Herzegovina that was headquartered on Mount Igman, a mountain in Bosnia that was near the front lines of fighting between the Army of Bosnia and Herzegovina and the Bosnian Serb Army. In 1993, members of the Army of Bosnia and Herzegovina took civilian Bosnian Serb prisoners to Mount Igman to perform forced labor, such as digging trenches, foxholes, dugouts, roads, and shelters. Zulfikar Special Unit soldiers committed abuses against the Bosnian Serb prisoners on Mount Igman, including physical beatings and other abuses. Zulfikar Special Unit soldiers also subjected the Bosnian Serb prisoners to threats, verbal abuse, and intimidation.

5.      TOMANIC was a member of the Army of Bosnia and Herzegovina from in or about 1993 to in or about 1996, the exact dates being unknown to the Grand Jury. In 1993, TOMANIC served on Mount Igman with Zulfikar Special Unit soldiers. TOMANIC guarded prisoners on Mount Igman and carried a weapon during the relevant time period in 1993. TOMANIC participated in abuses of Bosnian Serb prisoners with other Zulfikar Special Unit soldiers, such as beating prisoners with her fists, boots, a two-by-four piece of wood, a baton, and a rifle. TOMANIC and Zulfikar Special Unit soldiers subjected the Bosnian Serb victims to humiliating and degrading verbal abuse and insults. The Bosnian Serb prisoners were subjected to physical and mental abuse because of their ethnicity, religion, and membership in a particular social group.

6.      On or about September 17, 1997, TOMANIC applied to the United States for refugee status by completing and submitting a Form I-590, Registration for Classification as a Refugee, and a Form G-646, Sworn Statement of Refugee Applying for Entry into the United States. TOMANIC's application was approved on or about that same day, and she was granted refugee status in the United States. TOMANIC entered the United States in or about October 1997.

7. On or about May 3, 2000, TOMANIC applied for permanent residence in the United States by completing and submitting a Form I-485, Application to Register Permanent Residence or Adjust Status. TOMANIC's application was approved, and she became a lawful permanent resident of the United States.

8. On or about January 24, 2012, TOMANIC applied for naturalized United States citizenship by submitting a Form N-400, Application for Naturalization. In conjunction with her application, TOMANIC was interviewed under oath on or about May 1, 2012. TOMANIC's application was granted, and on or about June 15, 2012, TOMANIC became a naturalized United States citizen in a proceeding held at the United States District Court for the District of Connecticut, in Bridgeport, Connecticut.

9. During her immigration and naturalization processes, TOMANIC repeatedly affirmed, swore, and certified that all of the information provided in her forms and in her statements to United States immigration and naturalization officers was true and correct.

COUNT ONE
(Procuring citizenship or naturalization contrary to law)

10. Paragraphs 1 through 9 of this Indictment are repeated and re-alleged as though fully set forth herein.

11. On or about June 15, 2012, in Bridgeport, Connecticut, in the District of Connecticut, the defendant, NADA RADOVAN TOMANIC, did knowingly procure for herself, and attempt to procure for herself, contrary to law, naturalization and documentary and other evidence of naturalization, that is, a certificate of naturalization for herself, having knowingly made materially false representations on her Form N-400, Application for Naturalization, and in sworn statements to immigration and naturalization officials, including:

3

a. that she had never persecuted (either directly or indirectly) any person because of religion, membership in a particular social group, or political opinion, when in fact, as the defendant then and there knew, she had persecuted persons because of their religion, membership in a particular social group, or political opinion;

b. that she had never committed a crime for which she was not arrested, when in fact, as the defendant then and there knew, she had committed, but was not arrested for, violations of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina;

c. that she had never given false or misleading information to any United States government official while applying for any immigration benefit, when in fact, as the defendant then and there knew, she had falsely represented, and caused to be falsely represented, on her Form I-485, Application to Register Permanent Resident or Adjust Status:

   i. that she had never served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons;

   ii. that she had never ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following: intentionally and severely injuring any person, or limiting or denying any person's ability to exercise religious beliefs; and

   iii. that she had never been a member of, assisted in, or participated in any group, unit, or organization of any kind in which she or other persons used any type of weapon against any person or threatened to do so; and

4

    d.    that she had never lied to any United States government official to gain entry or admission into the United States, when in fact, as the defendant then and there knew, she had falsely represented, and caused to be falsely represented, on her Form G-646, Sworn Statement of Refugee Applying for Entry into the United States, that she had never ordered, assisted, or otherwise participated in the persecution of any person because of religion or political opinion, when in fact, as the defendant then and there knew, she had ordered, assisted, and otherwise participated in the persecution of any person because of religion and political opinion.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO
(Procuring naturalization or citizenship when not entitled)

12.    Paragraphs 1 through 9 of this Indictment are repeated and re-alleged as though fully set forth herein.

13.    On or about June 15, 2012, in Bridgeport, Connecticut, in the District of Connecticut, the defendant, NADA RADOVAN TOMANIC, did knowingly procure, obtain, and apply for naturalization, citizenship, and documentary and other evidence of naturalization and citizenship for herself, to which she was not entitled, because at the time of her application for naturalization:

    a.    the defendant could not satisfy the requirements for naturalization, pursuant to Title 8, United States Code, Section 1427, in that she was not a person of "good moral character," given that she gave false testimony for the purpose of obtaining any benefits under Chapter 12 of Title 8 of the United States Code, as charged in Count One of this Indictment; and

  b. the defendant previously had obtained refugee status to which she was not entitled, in that she failed to qualify as a "refugee" pursuant to Title 8, United States Code, Section 1101(a)(42), because she ordered, incited, assisted, and otherwise participated in the persecution of any person on account of religion, membership in a particular social group, and political opinion, as charged in Count One of this Indictment.

All in violation of Title 18, United States Code, Section 1425(b).

                   A TRUE BILL:

                   _____
                   FOREPERSON

UNITED STATES OF AMERICA

/s/ Vanessa Roberts Avery
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/ Angel M. Krull
ANGEL M. KRULL
ASSISTANT UNITED STATES ATTORNEY

NICOLE M. ARGENTIERI
ACTING ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION

/s/ Elizabeth Nielsen
ELIZABETH NIELSEN
TRIAL ATTORNEY
HUMAN RIGHTS AND SPECIAL PROSECUTIONS SECTION