UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 3:23-CR-00216 (KAD) |
| ) | |
| v.   ) | |
| ) | |
| NADA RADOVAN TOMANIC  ) | |
| ) | |
| ) | JANUARY 2, 2025 |

MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION FOR BILL OF PARTICULARS (ECF NO. 53)

Kari A. Dooley, United States District Judge

On November 28, 2023, a federal grand jury returned a two-count indictment charging Defendant Nada Radovan Tomanic ("Defendant" or "Tomanic") with procuring citizenship or naturalization contrary to law in violation of 18 U.S.C. § 1425(a) (Count One), and Procuring naturalization or citizenship when not entitled, in violation of 18 U.S.C. § 1425 (b) (Count Two). Pending before the court is Defendant's motion for a bill of particulars, which, through briefing, has been narrowed to two requests: (1) the identity of those persons whose ability to exercise their religious beliefs the Defendant affected and what limitations the Defendant imposed on them; and (2) the specific provisions of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina that Defendant knowingly violated.

**Allegations**

Defendant was born in 1972 in Novi Sad, in what was then Yugoslavia. Indictment, ECF No. 1, at ¶ 1. In 1992, the Republic of Bosnia and Herzegovina declared independence from the Socialist Federal Republic of Yugoslavia, resulting in an armed conflict that was also spurred by tensions between the region's ethnic and religious groups. *Id.* at ¶¶ 2–3. This conflict, referred to

as the Bosnian War, was multi-faceted, and involved several different combatant armed forces. *Id.* at ¶ 3.

The Government alleges that during the Bosnian War, Defendant was a member of one of those combatant forces, the Army of Bosnia and Herzegovina, from 1993 to in or about 1996. *Id.* at ¶ 5. Specifically, it alleges that she was a member of the Zulfikar Special Unit, a military unit that perpetrated various abuses against Bosnian Serb prisoners, and that she carried a weapon, guarded prisoners, and participated personally in that abuse. *Id.* at 4–5. The Bosnian Serb prisoners were subjected to abuse because of their ethnicity, religion, and membership in a particular social group. *Id.*

Following her alleged involvement in the conflict, Defendant applied for and was granted refugee status in the United States on or about September 17, 1997, by submitting a Form I-590, Registration for Classification as a Refugee, and a Form G-646, Sworn Statement of Refugee Applying for Entry into the United States. *Id.* at ¶ 6. She entered the United States in or about October of that year. *Id.* On or about May 3, 2000, she completed and submitted a Form I-485, Application to Register Permanent Residence or Adjust Status, which was approved, making her a lawful permanent resident of the United States. *Id.* at ¶ 7. Finally, on or about January 24, 2012, she applied for naturalized United States Citizenship via Form N-400, Application for Naturalization. *Id.* at ¶ 8. Following an interview under oath, her application was granted, and she became a naturalized United States citizen on or about June 15, 2012. *Id.*

Count One, charging Defendant with procuring citizenship or naturalization contrary to law in violation of 18 U.S.C. § 1425(a), alleges that she made materially false representations on her Form N-400 and in subsequent sworn statements to immigration and naturalization officials. *Id.* at ¶ 11. These representations include her denial of the alleged persecution of others based on

their religion, social group, or political opinion; her denial that she ever committed a violation of the Criminal Law of the Socialist Republic of Bosnia and Herzegovina for which she was not arrested; and additional alleged false representations on her prior immigration forms. *Id.* at ¶ 11.

Count Two, charging procuring naturalization or citizenship when not entitled, in violation of 18 U.S.C. § 1425(b), alleges that when she was naturalized, Defendant could not satisfy the requirements for naturalization in that she was not a person of "good moral character" pursuant to 8 U.S.C. § 1427 and because she obtained her previous "refugee" status when not entitled. *Id.* at ¶ 13. The Government alleges that she did not meet the "good moral character" standard because she made the false representations alleged in Count One, and that she did not qualify as a refugee under 8 U.S.C. 1101(a)(42) because of her alleged participation in the persecution of others based on their religion, social group, or political opinion, as is also alleged in Count One. *Id.*

Defendant filed the instant motion on October 7, 2024, requesting that the Court order the Government to provide a Bill of Particulars describing with particularity seven of the allegations in the indictment. Def.'s Mot. for Bill of Particulars ("Def.'s Mot."), ECF No. 53, at 1. The Government timely filed its opposition on November 12, 2024, and indicated therein that it had already satisfied one of Defendant's requests by providing the specific false representations that she allegedly made on her immigration forms. *See* Gov. Opp'n, ECF No. 59, at 4. Defendant filed her reply on November 25, 2024, and wrote that the Government's response assuaged some of her concerns. Defs.' Reply, ECF No. 60, at 1. Defendant accordingly narrowed her requested relief, asking the Court to order the Bill of Particulars with respect to only two allegations, and requesting the following information:

1. The identity of the person or persons whose ability to exercise their religious beliefs the Defendant limited or denied, and the specific limitations she imposed and subsequently lied about on her I-485, as alleged in Count One, paragraph 11(c)(ii), and;

3

2. The specific provisions of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina that Defendant knowingly violated, but for which she was not arrested, and then lied about on her N-400, as alleged in Count One, paragraph 11(b).

For the reasons that follow, Defendant's motion is granted in part and denied in part.

**Discussion**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the Government to file a bill of particulars, or a defendant may move for a bill of particulars within 14 days after arraignment or at a later time if the Court permits. A bill of particulars allows a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citing, among others, *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)). While district courts have wide discretion in deciding whether to order the Government to write a bill of particulars, "[c]ourts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (S.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)). "The standard turns on 'whether the information sought is necessary, not whether it is helpful,'" and showing necessity requires the defendant to show that he would be prejudiced by being denied a bill of particulars. *See id.* (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990)) (further citations omitted); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial."), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

4

Indeed, "[t]he prosecution need not particularize all of its evidence." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974)). "A bill of particulars is not an investigative tool which a defendant can use to force the government to preview its evidence or expose its legal theory." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986); *see also Gottlieb*, 493 F.2d at 994 ("The government [is] not required to disclose its evidence in advance of trial."). "The court must be cognizant of the fact that a bill of particulars confines the government's evidence at trial to the particulars furnished." *United States v. DeFabritus*, 605 F. Supp. 1538, 1548 (S.D.N.Y. 1985).

"In exercising [its] discretion, the court must examine the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery—and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000) *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93 (2d Cir. 2008). "So long as . . . an indictment and discovery sufficiently enable defendants to avoid surprise and prepare for trial, a bill of particulars is not warranted." *United States v. Coffey*, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005).

The Defendant's two remaining requests relate to the conduct that forms the bases of her allegedly false statements. Defendant argues that the Government should be required to describe the acts by which religious exercise was limited and the persons impacted with particularity, and specify the laws that the Government believes she violated for which she was not arrested, because of the complex nature of discovery in this case, the wide range of acts described in the discovery, and "the breadth of issues subsumed by the question[s] on the immigration documents." *Id.* at 10,

5

14. Defendant claims that she will be unable to adequately prepare for trial and avoid unfair surprise unless the Government provides the requested detail. *Id.* at 13.

The Government contends that Defendant's request should be denied because they (1) amount to a request to preview the Government's evidence and legal theories, contrary to the purpose of a bill of particulars; (2) seek information that the Government already provided in discovery; (3) are not justified by the amount of discovery in this case; and (4) are not warranted by the complexity of this case. Gov. Opp'n at 7. The Court agrees with the Government as to the request that the Government particularize the identity of those whose ability to exercise their religious beliefs the Defendant limited or denied, as well as the manner by which such exercise was limited, but agrees with the Defendant with respect to her request for the specific provisions of Bosnian and Herzegovinian law that she allegedly violated but for which she was not arrested.

*Defendant's Alleged Conduct Regarding Religious Beliefs*

Count One of the indictment alleges that Defendant made materially false representations on her Form N-400, Application for Naturalization. Indictment at ¶ 11. Among those false representations, it alleges that she answered "No" to the Question 14(e), "[h]ave you **EVER** ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following: […] e. limiting or denying any person's ability to exercise religious beliefs?" Ex. A to Gov. Opp'n, ECF No. 59-1, at 3 (emphasis in original); mirrored in Indictment at ¶ 11(c)(ii). Defendant asks that the Government be required to specify whose ability to exercise religious beliefs she participated in limiting or denying and what limitations she placed on them. Defs.' Mot. at 2. Defendant further avers that "there is nothing in the discovery detailing which religious practice(s) were affected and/or limited by Miss Tomanic…" Def.'s Reply at 3.

The Court finds a recent district court case from New Hampshire, *United States v. Gasana*, instructive on this issue. 719 F. Supp. 3d 175 (D.N.H. 2024). Gasana was Rwandan, and in 2003 he applied for refugee status in the United States while in Zambia. *Id.* at 179. He claimed that he left Rwanda in April 1994 at the start of the Rwandan genocide.[1] *Id.* Like Defendant Tomanic, Gasana was subsequently approved for refugee status, granted lawful permanent resident status, and naturalized as a citizen in 2010. *Id.* at 179–180. In 2012, Norwegian authorities notified U.S. officials that Gasana had potentially participated in the Rwandan genocide. *Id*. at 180. Gasana was indicted in 2020 under the same statutes as Tomanic in the current case. *Id.* at 178; Indictment at ¶¶ 10–13. Gasana moved for a bill of particulars, requesting that the government identify his specific false representations, and which alleged acts "rendered him ineligible for naturalization or which made his attempt to naturalize contrary to law." *Gasana* at 180. As in the instant case, the government in *Gasana* agreed to his request regarding the representations, but opposed the request to particularize his specific acts. *Id.* at 182.

The Court in *Gasana* held that "[r]equiring the government to take the additional step of revealing to Gasana the acts it intends to prove… would give Gasana 'a detailed preview of the government's trial evidence,' which is not the purpose of a bill of particulars." *Id.* (quoting *United States v. Keleher*, 505 F. Supp. 3d 41, 55 (D.P.R. 2020)). The ruling in *Gasana* is consistent with at least one other court that has addressed this issue in the context of § 1425. *See United States v. Sanyaolu*, No. 116CR00126WSDJFK, 2016 WL 11467579, at *14 (N.D. Ga. Nov. 14, 2016), *report and recommendation adopted,* No. 1:16-CR-00126-WSD, 2016 WL 7111910 (N.D. Ga. Dec. 7, 2016) ("With respect to Defendant's request for an explanation as to how his conduct was

---

[1] "Over the course of approximately 100 days spanning April through July in 1994, extremist members of the Hutu ethnic group in Rwanda killed approximately 800,000 people, most of whom were members of the Tutsi ethnic group, moderate Hutus, or their political allies." *Gasana,* 719 F. Supp. 3d at 179.

"contrary to law[,]'  the court finds that the request seeks evidentiary detail - in light of the information already set forth in the indictment and provided by the Government in discovery - that is not appropriate in a bill of particulars." (internal quotation omitted)).

Defendant Tomanic's request is also analogous to that of Mohamed Sadeek Odeh, one of the defendants in *United States v. Bin Laden*. 92 F. Supp. at 243. Odeh was indicted under multiple statutes for, *inter alia*, his alleged role in the 1993 bombings of the U.S. embassies in Kenya and Tanzania. *Id.* at 227, 230–231. Odeh sought a bill of particulars specifying "'what it is that [the Government will] claim that Mr. Odeh actually did to further the bombing in either Kenya or Tanzania.'" *Id.* at 243. The Court ruled that because the indictment "disclose[d] several specific acts which Mr. Odeh is alleged to have committed," the government was not required to describe how those acts furthered the bombings. "Whether acts furthered the bombings is an inference to be drawn by the jury based on the Government's proof of the Defendant's conduct." *Id.* at 243–44.

The Government need not "disclose the precise 'manner in which the crime charged is alleged to have been committed.'" *United States v. Dean*, No. 08CR212A, 2008 WL 4826319, at *2 (W.D.N.Y. Nov. 4, 2008) (quoting *United States v. Andrews,* 381 F.2d 377 (2d Cir.1967)). As in the *Bin Laden* indictment, the indictment here describes several specific acts which Defendant allegedly committed: that she served in the Zulfikar Special Unit, guarded prisoners on Mount Igman, carried a weapon, and participated in the abuse of Bosnian Serb prisoners.[2] Indictment at ¶ 5. Whether those alleged acts constitute "limiting or denying any person's ability to exercise religious beliefs" will depend on a jury's assessment of the Government's proof. Ordering further

---

[2] Though these alleged acts are included in the "Background" section of the indictment, each count includes a paragraph indicating that the background paragraphs are "repeated and re-alleged as though fully set forth herein." Indictment at ¶¶ 10, 12. *See United States v. Earls,* No. 03 CR. 0364 (NRB), 2004 WL 350725, at *3 (S.D.N.Y. Feb. 25, 2004) (finding that information from the indictment's background section, when realleged in subsequent counts, established elements of the crimes charged).

8

disclosure would require the Government to preview its theory of the case, which is an inappropriate purpose for a bill of particulars. *Massino*, 605 F. Supp. at 1582. As to this request the motion for bill of particulars is denied.

*Provisions of the Criminal Law of the Republic of Bosnia and Herzegovina*

Count One of the Indictment also alleges that Defendant made materially false representations on her Form N-400, Application for Naturalization. Indictment at ¶ 11. Among those false representations, it alleges that Defendant indicated that she had never committed a crime for which she was not arrested, when she in fact knew that she had committed, but was not arrested for, violations of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina. *Id*. at ¶ 11(b). The Government subsequently informed Defendant that this allegation is predicated on Defendant's checking the box "No" on Question 14 of the N-400, which asks "Have you **ever** committed a crime for which you were **not** arrested?" Ex. A to Gov. Opp'n at 2 (emphasis in original). Defendant asks that the Government be required to specify which provisions of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina it believes that she violated but for which she was not arrested. The Government opposes this request for the same general reasons articulated above. The Government also notes in its opposition that discovery provided to Defendant includes "a report on the specific provisions of the Bosnian criminal legislation in effect in 1993 that would criminalize the mistreatment of prisoners…" Gov. Opp'n at 12.

In addressing the request for a bill of particulars in *Gasana*, the court faced a substantially similar issue—a request to specify the acts the defendant allegedly committed that made his responses false or otherwise made him ineligible for naturalization. 719 F. Supp. at 180. Though the court there denied the defendant's request to require the particularization of specific acts, it

9

considered "certain government filings" that "provided Gasana with additional notice of the acts the government intends to prove he committed." *Id.* at 183. These included the government's motion for a determination of foreign law, which "reveal[ed] the alleged Rwandan criminal statutes the government believes Gasana may have violated in 1994." *Id.* at 184. The court found that this "[gave] Gasana additional insight into the evidence contained in discovery that the government intend[ed] to adduce at trial." *Id.* Here, however, Defendant has not received similar information from the Government.

Requiring that this information be provided finds support in several cases from this Circuit. In *United States v. Vickers*, the defendant was charged with two counts of attempted and actual transportation of a minor in interstate and foreign commerce with intent to engage in criminal sexual activity with such minor in violation of 18 U.S.C. §§ 2423(a) and (e). 708 F. App'x 732, 735 (2d Cir. 2017). The statute criminalized conduct related to sexual activity with minors "for which any person can be charged with a criminal offense." Vickers was convicted after a jury trial, and on appeal he argued that the indictment was insufficient because it did not specify the underlying sex abuse laws under which he could have been charged. *Id.* The Court did not decide the issue of whether the omission was error, because Vickers had received a bill of particulars specifying those statutes.[3] *Id. See also United States v. Vogelbacher*, No. 120CR00098LJVMJR, 2021 WL 1017126, at *2 (W.D.N.Y. Feb. 2, 2021), *report and recommendation adopted,* No. 20-CR-98-V, 2021 WL 978848 (W.D.N.Y. Mar. 15, 2021) (defendant was charged under 18 U.S.C. § 2422(b), which contains a reference to underlying criminal laws. Upon the defendant's motion to dismiss the court held that "[a]ny underlying concerns of proper notice and possible prejudice

---

[3] The Second Circuit in *Vickers* also included a footnote noting that "there is some disagreement among our sister circuits as to whether the underlying sex crimes with which a defendant could be charge are themselves an element of a § 2423 (a) or (e) offense." *Vickers*, 708 F. App'x at 736, n. 1.

10

to the defendant have been alleviated by the Government's voluntary provision of a bill of particulars relative to this charge."); *United States v. Lettieri*, No. 121CR00020LJVMJR, 2023 WL 3741480, at *12 (W.D.N.Y. Feb. 27, 2023), *report and recommendation adopted*, No. 21-CR-20-LJV, 2023 WL 3736866 (W.D.N.Y. May 30, 2023) (same); *United States v. Murgio*, 209 F. Supp. 3d 698, 720 (S.D.N.Y. 2016) (granting defendant's motion for bill of particulars and requiring "the Government to produce a list of the laws or duties [the defendant] allegedly intended to violate.").

The court concludes that, as here, when a defendant is charged with an offense that requires proof that the defendant intended to or otherwise did commit a separate, albeit unspecified offense, the Government should identify for the defendant the offense or offenses which are or may be implicated by his conduct. Indeed, as noted in *Gasana*, knowing which Rwandan statutes the defendant allegedly violated provided context for the discovery received as a whole, and cut against the necessity for a sweeping bill of particulars. And although Defendant received in discovery a report on the provisions of Bosnian criminal law "that would criminalize the mistreatment of prisoners," it is unclear whether this report contains the universe of criminal provisions that the government claims is implicated by the Defendant's conduct. Requiring this information is particularly appropriate where, as here, the laws in question are in a language foreign to Defendant's counsel and codified as of almost fifty years ago in a country that has experienced significant, and sometimes violent, upheaval in the intervening years.

For the foregoing reasons, Defendant's request for a bill of particulars describing which specific provisions of the 1977 Criminal Law of the Socialist Republic of Bosnia and Herzegovina the Government intends to prove that she violated is granted.

**Conclusion**

For the foregoing reasons Defendant's motion for a bill of particulars at ECF No. 53 is GRANTED in part and DENIED in part. Consistent with this Court's decision, the Government shall file the Bill of Particulars on or before January 23, 2025.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of January 2025.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Kari A. Dooley
　　　　　　　　　　　　　　　　　　　　　　　　KARI A. DOOLEY
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE